**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BUDDY EUGENE STRUCKMAN,                            Case No. 1:25-cv-174

     Plaintiff,                                   Cole, J.
                                                   Bowman, M.J.
     v.

DREW JONES,

     Defendant.


**REPORT AND RECOMMENDATION**

On March 19, 2025, Plaintiff Buddy Eugene Struckman moved for leave to file the above-captioned complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion/application is a copy of the proposed complaint. (Doc. 1-1).

**I.  General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As a result, the complaint is now before the Court for a sua sponte review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.

*Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual

allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## II.  Analysis of Complaint

### A.  Plaintiff's Prior Litigation History

Before addressing Plaintiff's current complaint, the Court takes judicial notice of the fact that it has dismissed three prior complaints filed by the same Plaintiff pursuant to its initial screening authority. *See e.g., Struckman v. Lockland Police Department*, No. 1:17-cv-315-SJD-SKB (closed July 21, 2017); *Struckman v. Hamilton County Prosecutor et al,* No. 1:17-cv-772-MRB-KLL (closed Jan. 12, 2018), *Struckman v. Village of Lockland, et al*., No. 1:17-cv-545-MRB-KLL (closed Aug. 17, 2018). A court may impose pre-filing restrictions if a litigant repeatedly files lawsuits that are subject to sua sponte dismissal. *See*, *e.g*., *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.").

 In a fourth civil rights case, *Struckman v. The Village of Lockland Police, et al.,* No. 1:17-cv-828-TSB-SKB, the Court granted Defendants' motion for judgment on the pleadings based on Plaintiff's failure to state any cognizable claim. In addition to his civil rights cases, Plaintiff previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Plaintiff's petition for writ of habeas corpus was terminated from the Court's active docket while he pursued state court remedies. The record reflects that he has since

3

exhausted those remedies, and that an April 11, 2024 Report and Recommendation to reinstate the petition to the active docket remains pending. *See Struckman v. Warden, Pickaway Correctional Institution*,, No. 1:20-cv-737-TSB-KLL

### B. The Allegations of Plaintiff's Current Complaint

Turning to Plaintiff's current complaint, the undersigned recommends sua sponte dismissal with prejudice for failure to state any plausible claim. Plaintiff has tendered his complaint on the complaint form often used by pro se litigants. He asserts the existence of federal jurisdiction under 28 U.S.C. § 1331 based on alleged violations of his civil rights and of 18 U.S.C. § 242. (Doc. 1-1, PageID 5). Notably, Plaintiff has left blank a "Previous lawsuits" section that is designed to assist this Court in its ability to screen out frivolous and/or repetitious litigation. (*Id*., PageID 7).

In his compliant, Plaintiff identifies Drew Jones as the sole Defendant. The undersigned takes judicial notice of the fact that the address identified for Defendant Jones, 600 Grove Avenue, Wyoming, OH, is the address of the Wyoming Police Department. The entirety of Plaintiff's Statement of Claim reads as follows:

> On October 10, 2024 Plaintiff knew or has reason to know of the injury that is the basis of this action. Defendant in this case is involved in violation 18 USC 242 deprivation of right under color of law – 18 USC 1001 fraudulent concealment – 18 USC 2071 willful unlawful concealment – 18 USC 201 public corruption – 18 USC 249 Hate crimes act – 18 USC 241 conspiracy – 18 USC 1324© fraud. Evidence in document form will show defendant took certain action because of Plaintiff[']s protected characteristics in connection to a hate crime attack whereas evidence will prove defendant violated the said public trust in a manner that significantly facilitated the commission of concealment of a hate crime attack against plaintiff, defendant has obstructed justice.

(*Id.*, PageID 6). In the "Relief" section, Plaintiff seeks monetary damages in an unspecified amount, including punitive damages, and for this Court to "[p]rosecute" Defendant Jones. (*Id.*, PageID 7).

Plaintiff's "naked assertion[s] devoid of further factual enhancement" fail to meet basic pleading standards. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). Plaintiff has pled insufficient factual content to state a claim for relief. *See Twombly,* 550 U.S. at 5. Plaintiff's complaint alleges that he "had reason to know of the injury that is the basis of this action" in October 2024, but fails to identify any facts about his alleged "injury" or when that injury allegedly occurred. Despite his vague allegation that Defendant "took certain action….in connection to a hate crime attack," Plaintiff alleges no specific facts against Defendant Jones at all. Plaintiff's suggestion that Defendant is somehow "involved in" violating numerous federal statutes on an unspecified date also lacks sufficient factual detail to state any violations of federal law under *Iqbal*, 556 U.S. 662, 678 (2009). Therefore, the complaint should be dismissed for failure to state a claim under 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(1)).

In two of Plaintiff's prior cases, he also named Drew Jones as a defendant. In both of those cases, Plaintiff's claims against Defendant (Officer) Jones also were dismissed with prejudice for failure to state a claim. For example, in No. 17-cv-545-MRB-KLL, the Court held:

> Plaintiff's complaint also fails to state a claim for relief against defendants Patrolman Drew Jones and Sergeant Patrick Sublet. Plaintiff's complaint fails to allege facts showing how these named defendants were somehow involved in any alleged violation of his constitutional rights. Plaintiff's complaint essentially sets forth the legal conclusions …. Without providing any factual enhancement showing how these defendants were personally involved in any alleged deprivation of his constitutional rights. In the absence of any factual allegations specifically directed against these

defendants, plaintiff has failed to state a claim for false arrest, wrongful imprisonment, and violations of a fair and speedy trial.

(Doc. 7, PageID 38). *See also* No 1:17-cv-828-TSB-SKB, (Doc. 25, R&R filed 9/27/18 and adopted 11/20/18, granting judgment to Defendants in part because Plaintiff failed to include any factual allegations to tie Defendants' conduct to the alleged constitutional violations). Due to the lack of factual detail in each of the complaints, it is not entirely clear to the undersigned whether the instant complaint is in any way duplicative of Plaintiff's prior litigation. What is clear, however, is that for a fourth time Plaintiff has initiated a lawsuit without including sufficient factual detail under the basic pleading standards of *Ashcroft v. Iqbal*, *supra*.

This is the third time that Plaintiff has filed a civil rights suit against Defendant Drew Jones specifically, and Plaintiff's fourth civil rights suit as to which sua sponte dismissal has been recommended for failure to state a claim. In light of those facts, Plaintiff should not be afforded an opportunity amend and the matter should be dismissed with prejudice. See *Beal v. Vanalstine*, 6th Cir. No. 24-1224, 2024 U.S. App. LEXIS 29569, at *13 (Nov. 20, 2024). Additionally, Plaintiff should be formally warned that repetitious litigation against Defendant Jones or further initiation of other legally frivolous civil rights lawsuits may subject Plaintiff to sanctions, including but not limited to pre-filing restrictions.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT:**

1. All claims contained in Plaintiff's complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §1915(e)(2)(B);

2. Plaintiff be warned that any further attempts to relitigate civil rights claims against Defendant Jones in particular, or further initiation of other legally frivolous civil rights lawsuits *in forma pauperis*, may subject him to sanctions.

                *s/Stephanie K. Bowman*
                Stephanie K. Bowman
                United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BUDDY EUGENE STRUCKMAN,             Case No. 1:25-cv-174

     Plaintiff,                             Cole, J.
                                         Bowman, M.J.

     v.

DREW JONES,

     Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8