UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**BUDDY EUGENE STRUCKMAN,**

    **Plaintiff,**

    v.

**DREW JONES,**

    **Defendant.**

Case No. 1:25-cv-174

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

## OPINION AND ORDER

On March 24, 2025, Magistrate Judge Bowman issued a Report and Recommendation (R&R, Doc. 4), in which she recommends that the Court dismiss Plaintiff Buddy Eugene Struckman's Complaint (Doc. 3) with prejudice. For the reasons briefly discussed below, the Court **ADOPTS IN PART** the R&R (Doc. 4), **OVERRULES** Struckman's Objection (Doc. 6), and **DISMISSES** Struckman's Complaint (Doc. 3) **WITH PREJUDICE**.

Struckman, proceeding pro se and in forma pauperis (IFP), alleges that on October 10, 2024, Defendant Drew Jones "took certain action because of [Struckman's] protected characteristics in connection to a hate crime attack." (Compl., Doc. 3, #15). Struckman's Complaint then lists various statutes he believes Jones's conduct violated. (*See id.*). And that's the extent of his allegations.

Because Struckman is proceeding IFP, (Doc. 2), the Magistrate Judge screened his Complaint under 28 U.S.C. § 1915(e)(2). Based on that review, she determined that Struckman failed to allege any "specific facts against Defendant Jones at all"

and thus recommends dismissing the Complaint with prejudice for failure to state a claim. (Doc. 4, #23). Beyond that, the Magistrate Judge noted that this is Struckman's third civil rights lawsuit against Jones and Struckman's fourth civil rights lawsuit for which a magistrate judge has recommended dismissal for failure to state a claim. (*Id.* at #23–24). So she warned Struckman that "repetitious litigation against Defendant Jones or further initiation of other legally frivolous civil rights lawsuits may subject [him] to sanctions." (*Id.* at #24).

After the Magistrate Judge issued the R&R, Struckman countered with two separate filings. First, he "responded" to the R&R. (Doc. 5). That filing attempts to justify his prior litigation history, makes new allegations against Jones, and requests leave to amend his Complaint to add formally those new allegations. (*See generally id.*). Next, Struckman objected to the R&R. (Doc. 6). There, Struckman identifies what he believes are factual and legal errors in the R&R, and he explains why the Court should reject its conclusions. (*See generally id.*).

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Having conducted that de novo review, the Court ultimately agrees with the R&R's recommendation to dismiss this case with prejudice. To explain why, the Court will first address Struckman's objections. Then the Court will turn to

2

Struckman's "response" to highlight his new allegations and why the Court ultimately denies his request for leave to file an amended complaint.

Start with the objections. Struckman perceives various factual and legal errors in the R&R. (*See generally* Doc. 6). At bottom, though, he raises three main objections. First, he contests the R&R's conclusion that he failed to allege sufficient facts to state a claim. (*Id.* at #49–52). Struckman specifically takes issue with the pro se complaint form he used to file his lawsuit, as that form instructs litigants to "write as briefly as possible the facts of [their] case." (*Id.* at #49–50; *see also* Doc. 3, #15). Consistent with that command, Struckman says he wrote a very short statement of the facts underlying his case, which in turn, caused the Magistrate Judge to recommend dismissal for failure to state a claim. (Doc. 6, #49–50). But he assures the Court he has "very precise factual allegations," (*id.* at #52)—and indeed, he provided them in his "response" (more on their purported precision later).

Next, Struckman objects to the Magistrate Judge's characterization of his litigation history. (*Id.* at #52–54). Although he admits to filing two previous lawsuits against Jones eight years ago, Struckman says this suit is "completely unrelated" and "NOT duplicative" of his prior litigation—which is also why he left the "previous lawsuits" section of his civil complaint form blank. (*Id.* at #51, 53; Doc. 3, #16).

Finally, Struckman resists the Magistrate Judge's conclusion that the Court should dismiss his claims and deny him leave to amend his Complaint. (*Id.* at #54–55). He argues that the Court should grant him leave because he has pleaded sufficient facts—in his proposed amended complaint—to state a claim and to allow

3

the matter to proceed. (*Id.* (citing *Beal v. Vanalstine*, No. 24-1224, 2024 WL 5482662, at *6 (6th Cir. Nov. 20, 2024))).

After reviewing Struckman's initial Complaint, the Court agrees with the Magistrate Judge that the dearth of factual matter renders it insufficient under the *Iqbal/Twombly* pleading standard.

But then there is the separate matter of whether to grant Struckman leave to amend. True, the R&R recommends against allowing such leave. (Doc. 4, #24). That recommendation, however, was not based on the proposed amended complaint, as Struckman had yet to file it. Rather, the R&R recommended that course based on the following logic: Struckman had previously raised claims against Jones, and given the then-current Complaint's lack of well-pleaded facts, the Magistrate Judge understood Struckman to be re-litigating those already-dismissed claims. (*See id.*).

But after the Magistrate Judge issued the R&R, Struckman provided the proposed amended complaint, which he attached to his "response." (Doc. 5, #30–31; Doc. 5-2, #42–45). So, the Court now has the benefit of reviewing the additional allegations that Struckman puts forth in that filing. And those new allegations seem to raise different claims based on different conduct than Struckman's previous two lawsuits against Jones. (*Compare* Doc. 5-2, #42–45, *with* Am. Compl., *Struckman v. Vill. of Lockland*, No. 1:17-cv-543 (S.D. Ohio Sept. 27, 2017), Doc. 9, *and* Compl., *Struckman v. Vill. of Lockland Police*, No. 1:17-cv-828 (S.D. Ohio Dec. 12, 2017), Doc. 3). Accordingly, the Magistrate Judge's proffered reason for denying leave to amend (through no fault of the Magistrate Judge) may have missed the mark.

The Court could return the matter to the Magistrate Judge to allow her to screen the now-filed proposed amended complaint for failure to state a claim. But in the interest of judicial efficiency, the Court elects to undertake that screening itself. After doing so, the Court agrees with the Magistrate Judge's conclusion that granting Struckman leave to amend is not appropriate. But the Court arrives at that result for a different reason: Struckman's claims fail as a matter of law.

In his proposed amended complaint, Struckman puts forth a variety of new allegations. To start, he says that on or around August 15, 2016, someone feloniously assaulted him, causing a bone near his eye to fracture. (Doc. 5-2, #42). And according to Struckman, Jones "witness[ed] the aftermath" of that "racially motivated assault" when Struckman made an "injury report" to Jones—in other words, Jones observed Struckman's injuries. (*Id.* at #42–43). But Struckman is apparently unhappy with what Jones did (or didn't do) after taking the injury report, and Struckman's grievances seem to boil down to two things. First, he complains that Jones failed to investigate the felonious assault that led to Struckman's injuries, thus committing a "dereliction of duty." (*Id.*). Second, Struckman says that Jones, while a witness in a state-court trial, denied the existence of the injury report and falsely testified that he "d[id]n't know anything about it." (*Id.* at #43). Struckman therefore presses a due process claim and an equal protection claim under 28 U.S.C. § 1983 against Jones in his official capacity. (*See id.* at #42–44).

Despite Struckman providing additional facts, his proposed amended complaint still fails to state a claim for which relief can be granted. To start,

5

Struckman is suing Jones in his official capacity. (Doc. 5-2, #42–43). Official capacity suits are suits against the individual's employer. *See Williams v. Parikh*, 708 F. Supp. 3d 1345, 1354–55 (S.D. Ohio 2023) ("[O]fficial capacity suits against state officials are suits against their employer.") (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984)), *aff'd*, No. 24-3059, 2024 WL 5355086 (6th Cir. Sept. 4, 2024). So here, Struckman is essentially suing Jones's employer. According to Struckman, that is the Village of Lockland Police Department. (Doc. 5-2, #42). But that entity is not sui juris, and therefore, incapable of being sued. *Struckman v. Vill. of Lockland Police*, No. 1:17-cv-828, 2018 WL 4635981, at *3 (S.D. Ohio Sept. 27, 2018), *report and recommendation adopted*, No. 1:17-cv-828, 2018 WL 6069092 (S.D. Ohio Nov. 20, 2018). Presumably, Struckman means to allege that the Village of Lockland employs Jones. And that is an entity that is capable of being sued. *See Calvey v. Vill. of Walton Hills*, No. 1:18-cv-2938, 2020 WL 224570, at *4–5 (N.D. Ohio Jan. 15, 2020), *aff'd sub nom.*, *Calvey v. Vill. of Walton Hills*, 841 F. App'x 880 (6th Cir. 2021). But then he runs into a separate problem. To sue the Village, Struckman would have to allege facts showing that a municipal "policy or custom" was the "moving force" behind Jones's alleged violation of Struckman's rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694–95 (1978). And he alleges nothing of the sort here.

Beyond that, even if the Court liberally construes Struckman's proposed amended complaint as asserting claims against Jones in his individual capacity, those claims would also fail as a matter of law. "There is no statutory or common law

6

right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also White v. City of Toledo*, 217 F. Supp. 2d 838, 841–42 (N.D. Ohio 2002). So Struckman's theory of liability premised on Jones's alleged failure to investigate the assault that caused Struckman's injuries cannot support his claims. Neither can his second theory based on Jones allegedly providing false testimony about the injury report during a state-court trial. That's because "a police officer who gives false testimony at trial cannot be held liable for a § 1983 violation." *Lee v. Mayfield Police Dep't*, No. 5:25-cv-P13, 2025 WL 726856, at *3 (W.D. Ky. Mar. 6, 2025) (citing *Briscoe v. Lahue*, 460 U.S. 325, 343 (1983)). Like any other witness, police officers are "entitled to absolute immunity [from civil liability] for any testimony [] offered at trial." *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009). And that is so "no matter how egregious or perjurious that testimony was alleged to have been." *Id.* (quotation omitted). All told, because Struckman's claims cannot be saved by amendment, the Court denies him leave to file the proposed amended complaint and dismisses the action with prejudice. *Beal*, 2024 WL 5482662, at *6 ("[D]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." (quotation omitted)).

That leaves one detail. As the R&R notes, Struckman has filed four previous civil rights lawsuits,[1] two of which implicated Jones. But he filed those suits some

---

[1] Those four lawsuits include: Compl., *Struckman v. Lockland Police Dep't*, No. 1:17-cv-315 (S.D. Ohio May 30, 2017), Doc. 3; Am. Compl., *Struckman v. Vill. of Lockland*, No. 1:17-cv-543 (S.D. Ohio Sept. 27, 2017), Doc. 9; Compl., *Struckman v. Hamilton County Prosecutor*, No. 1:17-cv-772 (S.D. Ohio Nov. 17, 2017), Doc. 3; Compl., *Struckman v. The Vill. of Lockland*

7

eight years ago (all in 2017) and, as noted above, they raised different claims than he raises here based on what seems to be different conduct. Moreover, Struckman represents that he took "extreme caution" when he filed this lawsuit and is "not attempt[ing] to re-litigate any civil rights claims" against Jones. (Doc. 5, #28–29). In light of that, the Court declines to formally warn Struckman about his tendencies as a pro se litigant. That said, the Court will remind Struckman that engaging in repetitious litigation against Jones or filing other legally frivolous civil rights lawsuits may lead to the imposition of sanctions or pre-filing restrictions.

Accordingly, the Court **ADOPTS IN PART** the R&R (Doc. 4), **OVERRULES** Struckman's Objection (Doc. 6), and **DISMISSES** Struckman's Complaint (Doc. 3) **WITH PREJUDICE**. The Court also **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Opinion and Order would not be made in good faith, thereby **DENYING** Struckman leave to appeal IFP. But as a non-prisoner, Struckman may nonetheless apply to proceed IFP in the Sixth Circuit Court of Appeals. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-098, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024). The Court further **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

---

*Police*, No. 1:17-cv-828 (S.D. Ohio Dec. 12, 2017), Doc. 3. Struckman has also filed one habeas petition: Pet., *Struckman v. Warden, Pickaway Corr. Inst.*, No. 1:20-cv-737 (S.D. Ohio Oct. 9, 2020), Doc. 4.

**SO ORDERED.**

May 5, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**